[Civ. No. 1691.   First Appellate District.—March 23, 1916.]

## LATHIA W. WILSON, Appellant, v. DISTRICT COUNCIL OF SHEET METAL WORKERS et al., Respondents.

FRATERNAL INSURANCE LAW—RIGHT TO DEATH BENEFIT—CONSTRUCTION OF RULES AND REGULATIONS.—Where the rules and regulations of an international labor organization, and of the local union to whose general laws it is subject, upon the subject of dues, delinquencies, and suspensions from membership, provide that members shall not be in arrears until three months' dues are owing, when they shall be suspended, and that the secretary shall notify all members when thus delinquent, and that the local union shall keep members in good standing until suspended, it is necessary in order to deprive such a member of that good standing in his local union which would debar his widow or other beneficiary of the right to receive the death benefit upon his decease, that affirmative action amounting to suspension shall be taken by the local union of which he was a member, and, in the absence of such action, he is entitled to be reported as a member in good standing, and entitled to have the death benefit paid upon his death to his widow or other beneficiary.

APPEAL from a judgment of the Superior Court of Alameda County.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

W. B. Rinehart, for Appellant.

Cleveland L. Dam, and George Appell, for Respondents.

RICHARDS, J.—This is an appeal by the plaintiff in an action brought to recover from the defendants the sum of eight hundred dollars, alleged to be due as a death benefit payable to the plaintiff upon the death of her husband, by virtue of his membership in the two organizations made parties defendant in this action.

The facts are practically undisputed and may be summarized as follows: Local Union No. 216 of the Amalgamated Sheet Metal Workers' International Alliance is an unincorporated association of a number of craftsmen, and is, as its name indicates, a branch of the international organization, to whose general laws it is subject, and which has for its principal purpose the securing of those rights and advantages

for its members for the better maintenance of which similar labor organizations are created. The defendant, District Council of Sheet Metal Workers of the state of California, is also an unincorporated association, called into being by the several local unions of the general order within a certain district, and having for its chief object the collection and payment of death benefits to the widows or other beneficiaries of deceased members of the several local unions comprising its membership within the designated district. By the rules and regulations of this district organization the funds from which its death benefits were to be paid were raised and repleted by means of assessments of the members of the local unions to the extent of one dollar for each member "in good standing," and who had been such member "in good standing" for the period of six months prior to the death of the member for whose benefit the assessment was to be paid. The names of such members as were in good standing, and entitled to these benefits, were to be forwarded from time to time by the financial secretary of the local union to the secretary of the district council; upon the death of any member of the local union entitled to a death benefit the said financial secretary of the local union was to communicate with the secretary of the district council, stating that the deceased member was in good standing for the period of six consecutive months prior to his death, whereupon the treasurer of the district council was to forward to the said secretary of the local union the amount of the death benefit which was to be paid over to the widow or other beneficiaries of the deceased member.

Charles Wilson, the deceased husband of the plaintiff, became a member of local Union No. 216 on March 25, 1912, and remained a member thereof until his death on December 4, 1912. He had not been very regular in the payment of his dues and assessments, but the record shows that from time to time he paid varying amounts on account thereof, and that during the month of October he had fully paid up his obligations to the order, including his dues for that month. The record also affirmatively shows that although at times delinquent in respect to those obligations, he had never been suspended nor in any manner called to account for his arrears, nor had his name ever been reported to the district council as a member not in good standing in his local union, but on

the contrary, had been reported thereto as in good standing.

The rules and regulations of the International Alliance of which the local union is a member, upon the subject of dues, delinquencies, and suspensions, contain the following provisions:

"Art. VIII, sec. 4.  All members shall pay dues in advance, and are not in arrears until the end of the current quarter.

"Art. X, sec. 1.  Members may be admitted into the hall until they are three months in arrears.  When over three months in arrears they shall be suspended, and must pay all arrears and receive a clear card before being admitted.

"Art. II, sec. 6.  The financial secretary . . . shall keep a correct account of each member, with full name and residence, and shall notify all members three months in arrears.  He shall furnish the general secretary-treasurer a list of all expelled or suspended members."

The by-laws of Local Union No. 216 contain the following provisions:

"Art. V, sec. 2.  Members owing this union three months dues shall be considered delinquent.

"Sec. 14.  Local 216 shall pay all members death benefit at time of each report of death, keeping him in good standing for his insurance as long as he has not been suspended, and same must be charged to brother for dues by local 216, and should be good as long as he is not suspended."

It would seem to be very clear from a reading of these provisions of the governing rules of the International Alliance, and of the local union, that the mere delinquency of a member of the latter in the matter of keeping promptly paid his dues and assessments would not be sufficient to render him a member not in good standing; but that in order to deprive such member of that good standing in his local union which would debar his widow, or other beneficiaries, of the right to receive the death benefit upon his decease, it was necessary that affirmative action amounting to his suspension should be taken by the local union of which he was a member, and that in the absence of such action he was entitled to be reported to the district council as a member in good standing, and hence according to its rules entitled to have its death benefit paid upon his decease to his widow or other beneficiaries.  This was apparently the construction which the officers of the local union had placed upon their rules and regulations prior to

Mr. Wilson's death according to the evidence of its secretary. And it may be said that it is a rule of justice and reason as applicable to such organizations wherein the fact of a delinquency in dues might often arise out of the very conditions which would have placed the delinquent member in need of its beneficial objects and aids. The provision in the rules of the local union to the effect that the death benefit assessments, if not paid by a member, should be kept paid up by the union itself so as to keep such delinquent member in good standing with the district council so long as he had not been suspended by his local union, is exactly in line with this interpretation of the rules and regulations of the International Alliance and of Local Union No. 216.

Applying these rules and regulations as thus interpreted to the case in hand, it must be concluded that at the time of his death the plaintiff's husband was a member of Local Union No. 216 in good standing, and as such was entitled to have his widow receive from the District Council, through the treasurer of said local union, the death benefit for which she was compelled to bring this action. The trial court, in denying the plaintiff this right, and in rendering its judgment in the defendant's favor, was in error.

The distinction to be drawn between the cases cited by respondent's counsel and the case at bar is the obvious one that in none of those cases was the suspension of a member made a prerequisite to the deprivation of his rights as a member in good standing in his local union.

Judgment reversed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 22, 1916.